UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEFFREY T. CUTTER, on behalf of himself and others similarly situated, et al., | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 10-11488-JLT |
| HEALTHMARKETS, INC., et al., | * * | |
| Defendants. | * | |

MEMORANDUM & ORDER

February 10, 2011

TAURO, J.

I.  Introduction

Plaintiffs, Jeffrey T. Cutter, Elizabeth Cannavo-Gruber, and Rina Discepolo, worked for Defendants, HealthMarkets, Inc., MEGA Life and Health Insurance Company, and Mid-West National Life Insurance Company of Tennesse, and allege that Defendants improperly classified Plaintiffs and others as independent contractors rather than employees. Presently at issue is Defendants' Motion to Compel Production of Documents [#28]. For the following reasons, the Motion to Compel is DENIED.

II.  Background

    A.  Factual Background

Plaintiffs allege that they worked for Defendants from 2002 until mid–2009.[1] Defendants'

---

[1] See 1st Am. Class Action Compl. ¶¶ 2–4 [#26].

1

workforce included district sales leaders and sales agents.[2] Defendants' district sales leaders and sales agents in Massachusetts were classified as independent contractors.[3] The primary work of these independent contractors was to sell insurance policies to customers.[4] Plaintiffs allege that Defendants told these independent contractors that they should not write or sell policies for competitors of Defendants and that Defendants controlled the performance of the independent contractors in a number of ways.[5]

Plaintiffs allege that Defendants improperly classified Plaintiffs as independent contractors. As a result, Plaintiffs allege, "Defendants' district sales leaders and sales agents have not received the benefits provided to employees."[6] Defendants deny that these workers were misclassified as independent contractors.[7]

Plaintiffs bring this class-action lawsuit on behalf of all district sales leaders and agents who are or have been unlawfully classified and treated as independent contractors.[8] They bring

---

[2] 1st Am. Class Action Compl. ¶ 11 [#26]; Defs.' 2d Am. Answer & Countercl. ¶ 11 [#27].

[3] 1st Am. Class Action Compl. ¶ 12 [#26]; Defs.' 2d Am. Answer & Countercl. ¶ 12 [#27].

[4] 1st Am. Class Action Compl. ¶ 13 [#26]; Defs.' 2d Am. Answer & Countercl. ¶ 13 [#27].

[5] 1st Am. Class Action Compl. ¶¶ 15, 16 [#26].

[6] 1st Am. Class Action Compl. ¶ 17 [#26] (listing such benefits as "including but not limited to paid vacations, paid holidays and paid sick leave and have been required to bear business expenses which should have been borne by Defendants").

[7] Defs.' 2d Am. Answer & Countercl. ¶ 17 [#27].

[8] 1st Am. Class Action Compl. ¶ 23 [#26].

three counts: a violation of Massachusetts independent contractor law[9]; unjust enrichment[10]; and conversion.[11]

Defendants, in turn, bring several counterclaims against Plaintiff Cutter. Defendants maintain that Cutter was an independent contractor and assert that Cutter signed an agreement that provided that Cutter would be compensated by commissions only.[12] Defendants allege that Cutter "violated his obligations and breached the agreement by . . . soliciting other agents of Defendants . . . to terminate their relationship with Defendants . . . , to join Cutter in his current business venture."[13] Cutter denies these allegations.[14] Defendants seek a declaratory judgment, damages, and attorneys' fees.[15]

B.  Procedural Background

On December 7, 2010, this court held a Scheduling Conference and issued a scheduling order.[16] On January 24, 2011, Defendants filed a Motion to Compel Production of Documents [#28].

---

[9] 1st Am. Class Action Compl. ¶¶ 27–28 [#26] (citing Mass. Gen. Laws. ch. 149 §§ 148B, 150).

[10] 1st Am. Class Action Compl. ¶ 29 [#26].

[11] 1st Am. Class Action Compl. ¶ 30 [#26].

[12] Defs.' 2d Am. Answer & Countercl. ¶¶ 2–4 [#27]. Cutter admits only that he signed an agreement that contained provisions related to his compensation. Pl. Cutter's Answer Def. MEGA's Countercls. ¶ 3 [#30].

[13] Defs.' 2d Am. Answer & Countercl. ¶ 7 [#27].

[14] Pl. Cutter's Answer Def. MEGA's Countercls. ¶ 7 [#30].

[15] Defs.' 2d Am. Answer & Countercl., 8–9 [#27].

[16] See Order [#23].

In their Motion to Compel, Defendants seek to compel Plaintiffs to provide allegedly relevant documents.[17] In support of their Motion, Defendants allege that at least two of the named Plaintiffs, Cutter and Discepolo, have become independent contractors of NaseCare, a competitor of Defendants.[18]

Further, Defendants allege that after the December 7, 2010 Scheduling Conference, Defendants' counsel sent Plaintiffs' counsel an email outlining the categories of documents that Defendants sought from Plaintiffs prior to Plaintiffs' depositions.[19] One of the categories of documents identified in the email correspondence related to "contracts, agreements or other documents between Plaintiffs Cutter and Discepolo and NaseCare concerning their appointment and/or services provided to NaseCare."[20] The documents that Defendants are seeking fall within this category.

On December 7, 2011, Plaintiffs filed an opposition to Defendants' Motion to Compel.[21]

II. Discussion

Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The scope of Rule 26(b)(1)

---

[17] Defs.' Mot. Compel Produc. Docs., 1 [#28].

[18] See Defs.' Mem. Law Supp. Defs.' Mot. Compel Disc., 2 [#29].

[19] Defs.' Mem. Law Supp. Defs.' Mot. Compel Disc., 3 [#29].

[20] Defs.' Mem. Law Supp. Defs.' Mot. Compel Disc., 3 [#29].

[21] See Pls.' Opp'n Defs.' Mot. Compel [#32].

is broad,[22] but "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly."[23] Indeed, if an objection arises as to the relevance of discovery, the court may "'become involved to determine whether the discovery is relevant to the claims or defenses.'"[24] Moreover, the party seeking discovery information "over an adversary's objection has the burden of showing [the information's] relevance."[25]

Here, Defendants contend that the documents at issue are relevant. The "Argument" section of their Memorandum provides:

> First, such documents and other information may relate to the appropriateness of the status of Cutler [sic] and Discepolo as class representatives of the group they seek to represent. Moreover, the documents concerning Cutter's compensation with NaseCare may relate to the counterclaims of Defendant MEGA against cutter [sic]. For these reasons, Defendants' request for documents is within the scope of Rule 26 of the Federal Rules of Civil Procedure.[26]

Defendants do not provide further explanation of these arguments.

This court is not persuaded that the documents whose production Defendants seek are relevant "to any party's claim or defense."[27] Plaintiffs' claim, that Defendants improperly classified Plaintiffs as independent contractors rather than employees under the Massachusetts

---

[22] See, e.g., Ares-Serono, Inc. v. Organon Int'l B.V., 151 F.R.D. 215, 219 (D. Mass. 1993) ("Rule 26 broadly defines the term relevancy at the discovery stage of litgation.").

[23] Crawford-El v. Britton, 523 U.S. 574, 598 (1998).

[24] In re Subpoena to Witzel, 531 F.3d 113, 118 (1st Cir. 2008) (quoting Fed. R. Civ. P. 26, Advisory Committee Notes, 2000 Amendment).

[25] Caouette v. OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005).

[26] Defs.' Mem. Law Supp. Defs.' Mot. Compel Disc., 5–6 [#29].

[27] Fed. R. Civ. P. 26(b)(1).

5

Independent Contractor Statute,[28] is unrelated to any work that Plaintiffs are now doing for NaseCare.[29] Likewise, Defendants have not explained how "Cutter's compensation at NaseCare"[30] relates to Defendants' counterclaims, which concern Cutter's alleged breach of an agreement with Defendants. Moreover, as the documents at issue appear to be irrelevant to both Plaintiffs' claims and Defendants' counterclaims, Defendants have not persuaded this court that these documents are relevant in any way to Plaintiffs' adequacy as class representatives.

III.   Conclusion

Given Defendants' sparse explanation, this court is unpersuaded that the requested documents fall within the scope of Rule 26. Defendants' Motion to Compel Production of Documents [#28] is DENIED.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge

---

[28] Mass. Gen. Laws ch. 149 § 148B.

[29] Under Massachusetts law, all workers are presumed to be employees unless the entity making use of those workers' services (the putative employer) can prove that they are actually independent contractors. Oliveira v. Advanced Delivery Sys., Inc., 27 Mass. L. Rptr. 402, 2010 WL 4071360, *4 (Mass. Super. 2010) (citing Mass. Gen. Laws ch. 149 § 148B; Athol Daily News v. Bd. of Review of the Div. of Unemployment & Training, 439 Mass. 171, 175 (2003)). To make that showing, the putative employer must produce sufficient evidence to satisfy each prong of Section 148B's three-pronged test. Mass. Gen. Laws ch. 149 § 148B. Plaintiffs' contracts with NaseCare are not relevant to any prong of this test. See Pls.' Opp'n Defs.' Mot. Compel, 2–4 [#32] (analyzing each prong of the test).

[30] Defs.' Mem. Law Supp. Defs.' Mot. Compel Disc., 5 [#29].